**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4032

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STANLEY CHOATE EAVES, SR.,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:20-cr-00341-FDW-DCK-1)

Submitted:  September 22, 2022                    Decided:  September 26, 2022

Before WILKINSON, DIAZ, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**: Thomas K. Maher, AMOS TYNDALL, PLLC, Carrboro, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stanley Choate Eaves, Sr., pled guilty to wire fraud, in violation of 18 U.S.C. § 1343.  The district court sentenced Eaves to 37 months' imprisonment.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal but questioning whether the sentence is substantively reasonable.  Although notified of his right to do so, Eaves has not filed a pro se supplemental brief.  We affirm the district court's judgment.

We review a defendant's sentence "under a deferential abuse-of-discretion standard."  *Gall v. United States*, 552 U.S. 38, 41 (2007).  Under the *Gall* standard, a sentence is reviewed for both procedural and substantive reasonableness.  *Id.* at 51.  In determining procedural reasonableness,[*] we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence.  *Id.* at 49-51.  If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances."  *Id.* at 51.  We "apply a presumption of reasonableness to a sentence within or below a properly calculated [G]uidelines range."  *United States v. Vinson*, 852 F.3d 333, 357 (4th Cir. 2017) (internal quotation marks omitted).  This "presumption can only be rebutted by showing that the

---

[*] Although counsel only questions the sentence's substantive reasonableness, we are obliged to consider its procedural reasonableness first, notwithstanding the fact that this is an *Anders* appeal.  *See United States v. Provance*, 944 F.3d 213, 215, 218 (4th Cir. 2019).

2

sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* at 357-58 (internal quotation marks omitted).

We conclude that the sentence is reasonable. The district court correctly calculated the advisory Guidelines range, allowed Eaves the opportunity for allocution, and thoroughly explained the selected sentence, emphasizing its concern that Eaves attempted to renew his fraudulent scheme after pleading guilty and while he was on bond awaiting sentencing. We further conclude that Eaves cannot overcome the presumption of reasonableness accorded his within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore affirm the district court's judgment. This court requires that counsel inform Eaves, in writing, of the right to petition the Supreme Court of the United States for further review. If Eaves requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Eaves.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3